IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SUE A. M.,**[1]

    **Plaintiff,**

    v.

                        Civil Action 3:22-cv-171
                        Judge Michael J. Newman
                        Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## **REPORT AND RECOMMENDATION**

Plaintiff, Sue A. M. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). This matter is before the undersigned for a Report and Recommendation ("R&R") on Plaintiff's Statement of Errors (ECF No. 9); the Commissioner's Memorandum in Opposition (ECF No. 10); Plaintiff's Reply (ECF No. 11); and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability finding and **REMAND** this case pursuant to Sentence 4 of § 405(g) for further consideration.

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

## I.  BACKGROUND

Plaintiff protectively filed her SSI and DIB applications in April 2020, alleging that she had been disabled since July 24, 2019. (R. 228–32, 233–39.) After those applications were denied administratively (R.146, 124–34, 147, 135–45), a hearing was held on March 31, 2021 (R. 103–18), before an Administrative Law Judge ("ALJ") who issued an unfavorable determination on June 2, 2021 (R. 80–102). That unfavorable determination became final when the Appeals Council denied Plaintiff's request for review. (R. 1–6.)

Plaintiff seeks judicial review of that final determination and submits that remand is warranted for several reasons. The undersigned finds that one of Plaintiff's contentions of error has merit. Specifically, Plaintiff argues that the ALJ erred by finding persuasive the state agency' psychologist's findings that she was limited to superficial interactions but including in her residual functional capacity ("RFC")[2] a limitation to occasional interactions instead without an adequate explanation for that substitution. (Pl.'s Statement of Errors 9–11, ECF No. 9.) Because this error warrants remand, the undersigned does not reach Plaintiff's other contentions of error.

## II.  THE ALJ'S DECISION

The ALJ issued his decision on June 2, 2021, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 80–102.) The ALJ initial concluded that Plaintiff met the insured status requirements through September 30, 2024. (R. 85.) At step one of

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

the sequential evaluation process,³ the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 24, 2019, the alleged date of onset. (*Id*.) At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder; generalized anxiety disorder; degenerative disc disease of the lumbar spine; osteoarthritis of the ankle; and obesity. (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 86.)

The ALJ then set forth Plaintiff's RFC residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except never climb ladder, ropes, or scaffolds. Occasionally climb ramps and stairs. Occasionally stoop, crouch, and kneel. Avoid hazardous machinery and unprotected heights. Work is limited to simple, routine and repetitive tasks, performed in a work environment free of fast paced production

---

³ Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

>requirements, involving only simple, work-related decisions, with few, if any, work place changes. Only occasional interaction with the public and only occasional interaction with co-workers with no tandem tasks.

(R. 90.)

At step four, the ALJ determined that Plaintiff had no past relevant work. (R. 96.) At step five, the ALJ relied on testimony from a vocational expert ("VE") to determine that in light of Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform such as copy machine operator, marker, and mail room clerk. (*Id*.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 24, 2019 through the determination date. (*Id*.)

### III.   STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

### IV. ANALYSIS

As previously explained, Plaintiff posits that remand is warranted because the ALJ found persuasive the state agency reviewing psychologists' findings, but he then altered their social interaction limitations before incorporating them into Plaintiff's RFC without an adequate explanation for doing so. This contention of error has merit.

An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations[4] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5).

With regard to two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those

---

[4] Because Plaintiff's applications were filed in 2020, they are subject to regulations that govern benefits applications filed after March 27, 2017.

5

from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, when evaluating the persuasiveness of medical opinions and prior administrative findings, an ALJ must consider the following factors: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and an ALJ must explain how he or she considered them. §§ 404.1520c(b)(2); 416.920c(b)(2). When considering supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support a medical opinion or prior administrative finding, the more persuasive the ALJ should find the medical opinion. §§ 404.1520c(c)(1); 416.920c(c)(1). When considering consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion or prior administrative finding. §§ 404.1520c(c)(2); 416.920c(c)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. Instead, when an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

Here, the ALJ explained that the state agency psychological reviewers found that Plaintiff "retained the functional capacity to . . . have infrequent superficial interaction with the general

6

public, co-workers, and supervisors." (R. 95.) The ALJ further explained that the reviewers' findings were consistent with a consultative examiner's opinion and that there was no new and material evidence indicating that Plaintiff was more limited. (*Id*.) The ALJ, therefore, determined that the reviewers' findings were persuasive. (*Id*.)

Nevertheless, the ALJ altered the reviewers' social interaction findings. Specifically, the ALJ declined to incorporate into Plaintiff's RFC a limitation to superficial actions with the general public, coworkers, and supervisors and instead determined that she was limited to occasional interactions with the general public and coworkers. (*Id*.) The ALJ explained that limiting Plaintiff to occasional interactions was consistent with the reviewers' finding that she was capable of superficial interactions. (*Id*.)

That explanation is inadequate. The terms "occasional" and "superficial" are not interchangeable. *See, e.g.*, *William H. v. Comm'r of Soc. Sec.*, No. 3:21-cv-00219, 2022 WL 4591304, at *5 (S.D. Ohio Sept. 30, 2022) (explaining that occasional contact goes to the *quantity* of time spent with individuals, while superficial contact goes to the *quality* of interactions) (emphasis added); *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-cv-00028, 2020 WL 13572215, at *4 (S.D. Ohio March 13, 2020) (same); *Lindsey v. Comm'r Soc. Sec.*, No. 2:18-cv-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (same).

For that reason, courts routinely find that limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions— including a limitation to "superficial" interaction. *See, e.g.*, *William H.*, 2022 WL 4591304, at *5 ("[T]he ALJ erred by purporting to accommodate the 'superficial' social contact restriction with a limitation to 'occasional' social contact."); *Jason M. v. Comm'r of Soc. Sec.*, No. 3:21-cv-00272, 2022 WL 4591305, at *4 (S.D. Ohio Aug. 17, 2022) ("The ALJ's conclusion that

7

Plaintiff is capable of occasional interactions, without including a limitation that restricts him to superficial interactions, constitutes reversible error."); *Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) ("[R]eversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for 'superficial' interactions."); *Clampit v. Comm'r of Soc. Sec.*, No. 3:20-cv-1014, 2021 WL 3174111, at *2 (N.D. Ohio July 26, 2021) ("By limiting [the plaintiff] to 'occasional interaction' (a quantitative limitation), the ALJ did not account for the state psychiatric consultants' opinion that [the plaintiff] was also limited to 'superficial' interaction (a qualitative limitation).").

The ALJ further explained that he "did not adopt the use of the term superficial . . . as [it is] not vocationally relevant;" and that the term "[s]uperficial is . . . rather vague." (R. 95.) But contrary to that explanation, this Court has concluded that "'superficial interaction' is a well-recognized, work-related limitation." *Hummel*, 2020 WL 13572215, at *4. *See also Jomo T. v. Comm'r of Soc. Sec.*, No. 3:21-cv-105, 2022 WL 3446342, at *4 (S.D. Ohio Aug. 17, 2022); *William H.,* 2022 WL 4591304, at *5; *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-cv-339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020), *report and recommendation adopted*, 2020 WL 4334920 (S.D. Ohio July 28, 2020).

To be clear, an ALJ is not required to mirror or parrot medical opinions or prior administrative findings. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). But the ALJ's explanation in this matter suggests that he did not consider whether Plaintiff did, in fact, require a limitation to superficial interactions because he failed to appreciate the distinction between occasional and superficial interactions. Accordingly, the undersigned finds that remand is required.

This finding obviates the need for in-depth analysis of Plaintiff's remaining assignments of error. Thus, the undersigned need not, and does not, resolve whether they warrant reversal and remand. Nevertheless, on remand, the ALJ may consider them if appropriate.

## V.     RECOMMENDED DISPOSITION

Based on the foregoing, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability determination and **REMAND** this case pursuant to Sentence Four of §405(g).

## VI.     PROCEDURE ON OBJECTIONS

If any party objects to this R&R, that party may, within fourteen (14) days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Disrict Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                                                      */s/ Chelsey M. Vascura*
                                                                                      CHELSEY M. VASCURA
                                                                                      UNITED STATES MAGISTRATE JUDGE